UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIA DE LOS ANGELES ACEVEDO,

Plaintiff,

v.

FORTINET, INC.,

Defendant.

Case No.  26-cv-02934-PCP

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 13

Plaintiff Maria de Los Angeles Acevedo filed this wage-and-hour action against defendant Fortinet, Inc. in Santa Clara County Superior Court under California's Private Attorneys General Act (PAGA), Cal. Lab. Code § 2698 *et seq*. Fortinet subsequently removed the case to federal court, asserting that Section 301 of the Labor Management Relations Act ("LMRA") preempts all of Acevedo's claims. Acevedo now moves to remand, and Fortinet moves for judgment on the pleadings. For the reasons below, the Court grants the motion to remand and denies the motion for judgment on the pleadings without prejudice for lack of jurisdiction.

## BACKGROUND

According to the operative complaint, Fortinet is a corporation doing business in Santa Clara County that "procures outplacement staffing and payroll services from various staffing agencies." Whether workers at Fortinet are hired directly by the company or "placed to work for [Fortinet] by staffing agencies," Fortinet "act[s] in all respects as the employer or joint employer" of those workers by "exercis[ing] control over the[ir] wages, hours or working conditions"; "creat[ing] and implement[ing] the policies and practices that govern[] the[ir] employment"; "dictat[ing] their job duties and responsibilities"; and otherwise "creating a common law employment relationship."

Acevedo alleges that, from January 2017 to February 2025, she worked as a day porter at

United States District Court
Northern District of California

Fortinet. In that role, her duties included "preparing coffee and refreshments, arranging snacks, setting up conference rooms, delivering catering to meeting spaces, arranging chairs and tables, and maintaining inventory of supplies used in the kitchen and restrooms." Acevedo's complaint alleges that Fortinet subjected her and other workers to policies and practices that violated various provisions of California's Labor Code. These alleged violations include, among others, requiring employees to work off-the-clock hours without paying minimum or overtime wages, *see* Cal. Lab. Code §§ 510, 1197.1(a); failing to timely pay wages to workers during their employment and upon their termination, *see id.* §§ 201, 201.3 202, 203, 204, 210; failing to reimburse employees for necessary work-related costs, *see id.* § 2802; and failing to provide required vacation pay and sick leave, *see id.* §§ 227.3, 245, 246.

Acevedo previously filed a putative class action in Santa Clara County Superior Court against Fortinet and ABM Industry Groups, the staffing agency that placed her at Fortinet. Acevedo's complaint in that action asserted nine claims under California's Labor Code and a derivative claim under California's Unfair Competition Law, but it asserted no PAGA claim. ABM removed the action to this Court pursuant to the Class Action Fairness Act (CAFA). Acevedo did not contest the Court's jurisdiction under CAFA. ABM and Fortinet each filed a motion to compel arbitration of Acevedo's claims against them under an arbitration provision contained in the collective-bargaining agreement (CBA) between Acevedo's labor union and ABM. The Court granted both motions. The Court concluded that the CBA's arbitration provision was valid, enforceable, and encompassed Acevedo's claims against ABM (as a party to the CBA) and Fortinet (as an agent of ABM). *See Acevedo v. ABM Indus. Groups, LLC*, 807 F. Supp. 3d 997, 1001–04 (N.D. Cal. 2025); *Acevedo v. ABM Indus. Groups, LLC*, No. 25-cv-07370-PCP (N.D. Cal. Dec. 29, 2025), Dkt. No. 34 at 4–5.

Acevedo then filed this action in Santa Clara County Superior Court under PAGA, which authorizes aggrieved employees to sue in the place of the State of California to enforce the state Labor Code. Acevedo's original complaint in this action sought civil penalties from both ABM and Fortinet for their alleged labor-code violations. But Acevedo later dismissed her claims against ABM, and her operative complaint now seeks relief only from Fortinet on behalf of "all

2

[a]ggrieved [e]mployees that worked for [Fortinet] and/or were placed to work for [Fortinet] by staffing companies in … California" during the relevant period. Though Acevedo's complaint in this action alleges direct violations of the Labor Code and does not mention the CBA, Fortinet removed the case to federal court on the ground that her PAGA claims arise under or substantially depend on the CBA and are therefore preempted by the LMRA.

**LEGAL STANDARD**

A defendant may remove a case from state court to federal court only if the federal court would have originally had subject-matter jurisdiction over it. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). Because courts "strictly construe the removal statute against removal jurisdiction[,] [f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

Federal courts may exercise subject-matter jurisdiction over claims that involve a federal question. 28 U.S.C. § 1331. Such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Under this "well-pleaded complaint" rule, a defense that implicates federal law is generally not sufficient to "inject[] a federal question into an action that asserts what is plainly a state-law claim[.]" *Id.* at 399. Thus, because federal preemption is "raised as a defense," it ordinarily does not create federal-question jurisdiction. *Id.* at 392. But "[o]n occasion, … the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary [state-law] complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 393 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). This is known as "complete pre-emption," and "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under

United States District Court
Northern District of California

federal law." *Id.*

The complete-preemption doctrine "is applied primarily in cases raising claims pre-empted by § 301 of the LMRA," which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees … may be brought in [federal] district court." *Id.* at 393–94 (quoting 29 U.S.C. § 185(a)). The "preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983). "Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). For example, states can create rights that are unwaivable by private contract, and if those rights can be enforced without reliance on a CBA, "it would be inconsistent with congressional intent under [§ 301] to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Lueck*, 471 U.S. at 212. Mere "reliance on the CBA as an aspect of a defense is not enough to inject a federal question" into the case. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007) (citation modified).

To determine whether § 301 preempts a plaintiff's state-law claim, the Ninth Circuit employs the two-part *Burnside* test. "First, a court must determine 'whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Burnside*, 491 F.3d at 1059). Second, if the right is independent of the CBA, a court must ask whether that right "is nevertheless substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* at 1032 (quoting *Burnside*, 491 F.3d at 1059). "Where there is such substantial dependence, the state law claim is preempted by § 301. If there is not, then the claim can proceed under state law." *Id.* Because "[t]he burden of establishing federal jurisdiction is on the party invoking federal jurisdiction," the party opposing remand bears the burden of demonstrating preemption. *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

4

**ANALYSIS**

In their briefing on the motion to remand, the parties strongly dispute whether Fortinet, as a nonsignatory, can enforce the ABM CBA. The Court, however, need not resolve this dispute.[1] Whether or not Fortinet is authorized to *enforce* the CBA against Acevedo, "a nonsignatory … has standing to *remove* a case on the basis of section 301 preemption if resolution of the state law claim requires interpretation of the collective bargaining agreement." *Milne Emps. Ass'n v. Sun Carriers*, 960 F.2d 1401, 1407 (9th Cir. 1991) (emphasis added), *as amended on denial of reh'g* (May 4, 1992).

Turning to the *Burnside* analysis, the Court concludes that Acevedo's PAGA claims neither arise from nor require interpretation of the CBA. Section 301 of the LMRA therefore does not preempt her claims, and the Court lacks jurisdiction over this action, requiring remand.

**I.     Acevedo's rights exist independently of the CBA.**

At the first step of the *Burnside* test, the Court must "evaluate the legal character of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself." *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1088 (9th Cir. 2025) (citation modified) (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc)). To preempt a state-law claim at this step, "[t]he collective bargaining agreement must be the only source of the right the plaintiff seeks to vindicate." *Id.* at 1088–89 (citation modified) (quoting *Alaska Airlines*, 898 F.3d at 921).

Here, each of Acevedo's PAGA claims seeks to vindicate at least one right that arises under state law, not the CBA. Specifically, she asserts violations of the California Labor Code's requirements that employers pay wages within a certain time after the end of each pay period, *see*

---

[1] The Court notes, however, that its order granting Fortinet's motion to compel arbitration of Acevedo's claims in her prior action does not conclusively establish that Fortinet may enforce the CBA. The Court's order compelling arbitration turned entirely on the allegations in Acevedo's complaint in that action that Fortinet was an agent of ABM, a signatory to the CBA. *See Acevedo*, No. 25-cv-07370-PCP (N.D. Cal. Dec. 29, 2025), Dkt. No. 34 at 4–5. While those allegations operated as binding judicial admissions in the prior action, *see id.* at 5, such judicial admissions do not extend to other actions like this one, *see BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 788 n.4 (9th Cir. 2009). Because Acevedo's operative complaint in this case does not allege that Fortinet is an agent of ABM, nothing prevents her from disputing Fortinet's standing to enforce the CBA here.

United States District Court
Northern District of California

Cal. Lab. Code §§ 201.3, 204; provide itemized wage statements detailing certain statutorily prescribed information, *see id.* § 226(a); maintain certain time records, payroll documents, and personnel files, *see id.* §§ 432, 1198.5, 1174; pay minimum wages and premium overtime wages, *see id.* §§ 510, 1197.1(a); notify employees of their minimum and overtime wage rates, *see id.* § 2810.5; provide meal and rest periods, *see id.* §§ 226.7, 512; allow at least one day's rest within each seven-day period, *see id.* §§ 551–52; reimburse necessary work-related expenses, *see id.* § 2802; provide paid sick leave, *see id.* § 246; and pay wages owed upon employees' termination or resignation, including for accumulated sick and vacation leave, *see id.* §§ 201–03, 227.3. "As such, [Acevedo]'s claims do not arise exclusively from the CBA[], but rather from rights conferred by state law." *Renteria-Hinojosa*, 150 F.4th at 1089 (citation modified) (quoting *Burnside*, 491 F.3d at 1059).

Fortinet's arguments to the contrary are unavailing.

First, Fortinet contends that some of Acevedo's claims are preempted at step one because the CBA separately provides for the rights Acevedo seeks to vindicate as a matter of state law. For example, Fortinet argues that Acevedo's claim for unreimbursed work-related expenses under § 2802 of the Labor Code is preempted by CBA provisions that "expressly address reimbursement for uniforms, cell phones, and other materials necessary to perform work." In essence, this is an argument that Acevedo's "allegations necessarily allege a breach of the CBA," which "misconstrues the preemption test." *Renteria-Hinojosa*, 150 F.4th at 1089. That the CBA is "an additional source" of the rights Acevedo asserts is insufficient to preempt her statutory claims—to have preemptive effect, the CBA must be "the *only* source." *Id.* (emphasis added). "Because state law is a source for each of [Acevedo]'s claims, it does not matter whether [her] factual allegations could also support claims for breach of the CBA[] at step one." *Id.*

Next, Fortinet argues that Acevedo's PAGA claims are preempted because the CBA includes an express waiver of covered employees' right to pursue PAGA claims and mandates that covered employees instead redress any Labor Code violations through a specified grievance and binding arbitration procedure. While such a PAGA waiver would ordinarily be unenforceable as against public policy, *see Adolph v. Uber Technologies, Inc.*, 14 Cal.5th 1104, 1117 (2023),

United States District Court
Northern District of California

Fortinet contends that the waiver is valid under § 2699.8 of the Labor Code, which permits waivers of representative PAGA claims for "janitorial employees" whose employment is governed by a CBA offering certain employee protections. Fortinet's theory is that, by virtue of the CBA, Acevedo waived her right to litigate her PAGA claims in court and must pursue her claims in grievance arbitration instead. But "[t]he argument that a plaintiff has contractually waived her right to a judicial forum is a defense," as is "the corresponding argument that a plaintiff must pursue her claims through contractual dispute resolution processes like arbitration." *Renteria-Hinojosa*, 150 F.4th at 1092–93. As noted above, "'merely … injecting a federal question into an action' through a defensive argument" does not "transform the action into one arising under federal law." *Id.* at 1092 (quoting *Caterpillar*, 482 U.S. at 398–99). For that reason, the Ninth Circuit recently rejected Fortinet's theory that a CBA's valid waiver of a plaintiff's right to a judicial forum creates § 301 jurisdiction over state-law claims. *See id.* at 1093.

Finally, and similarly, Fortinet argues that various statutory exemptions prevent Acevedo from seeking judicial relief for the alleged Labor Code violations underlying her PAGA claims. These include Labor Code § 245.5 and § 514, which exempt an employer from the usual paid-sick-leave and overtime-pay requirements if the employer is covered by a valid CBA that meets certain enumerated requirements. *See* Cal. Lab. Code §§ 245.5, 514. In Fortinet's view, the CBA here satisfies the requirements for these exemptions such that Acevedo has no statutory rights to paid sick leave or overtime pay, so her claims arise solely from the CBA. But as this Court has explained elsewhere:

> The problem with this approach is that it requires an evaluation of the merits of the plaintiff's claims under state law: If the exemption applies, [s]he has no rights under the asserted state laws, but if it does not, [s]he may proceed in pursuing those claims. Undertaking such a merits evaluation is inconsistent with the argument that the claims themselves are preempted, because preempted claims are displaced entirely by federal law. The very purpose of federal preemption is to make federal law applicable whether or not the state law claims otherwise have merit.
>
> Rather than providing a basis for complete preemption, a defendant's invocation of a Labor Code exemption involves an affirmative defense to the merits of the state law claims at issue. As noted already, such an affirmative defense cannot serve as the basis for removal,

United States District Court
Northern District of California

> particularly where, as here, the plaintiff has specifically and repeatedly pleaded violations of state law, not a violation of the CBA[] or rights [it] provide[s]. [Acevedo] asserts all of h[er] claims under the Labor Code, not [the] CBA. [Fortinet] may ultimately win on the merits of its argument that [Acevedo] has no rights under the statutes [s]he invokes because [s]he falls within the exception for CBA-covered employees. But that simply means that [Acevedo]'s claims fail, not that h[er] rights are derived from the CBA.

*Hernandez v. Pac. Underground Constr., Inc.*, 794 F. Supp. 3d 696, 704–05 (N.D. Cal. 2025) (citation modified).[2] For that reason, the Court need not determine whether the CBA's PAGA waiver is valid and enforceable.[3]

Because Acevedo's PAGA claims each "involve[] a right conferred upon [her] by virtue of state law," the claims are "not preempted at step one." *Renteria-Hinojosa*, 150 F.4th at 1089 (quoting *Burnside*, 491 F.3d at 1059).

## II.     Acevedo's rights do not depend on interpreting the CBA.

Under the second prong of *Burnside*, the Court considers whether "a state law right is 'substantially dependent' on the terms of a CBA ... [by] decid[ing] whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA." 491 F.3d at 1060 (citations omitted). If the Court must interpret the CBA to adjudicate a claim, the claim is preempted. *Id.* Although the "'look to'/'interpret' distinction" is not always clear cut, simply "alleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim." *Id.* (quoting *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc)). Similarly, "when the meaning of contract terms is not the subject of dispute, the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to

---

[2] Though Fortinet argues otherwise, *Curtis v. Irwin Indus.*, 913 F.3d 1146 (9th Cir. 2019), is not to the contrary for reasons the Court has explained. *See Hernandez*, 794 F. Supp. 3d at 705–07.

[3] For the parties' benefit, the Court notes that it did not resolve this question in Acevedo's prior case against Fortinet and ABM. There, Acevedo argued that the PAGA waiver rendered the CBA unconscionable because it violated California public policy. In response, ABM argued that the PAGA waiver was enforceable under § 2699.8 of the Labor Code. The Court noted ABM's argument but explained that, because Acevedo's unconscionability theory failed on other grounds, it was unnecessary to determine whether the PAGA waiver was unenforceable and thereby "render[ed] the [CBA] substantively unconscionable." *Acevedo*, 807 F. Supp. 3d at 1003 n.3. The enforceability of the CBA's PAGA waiver therefore remains an open question for the state court to resolve on remand.

be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). Consulting a CBA to determine "bargained-for wage rates" or to consider whether the plaintiff's union "bargained away the state law right at issue" generally does not preempt a plaintiff's claim. *Burnside*, 491 F.3d at 1060 (citations omitted).

Fortinet asserts that, to adjudicate any of Acevedo's claims, the Court must first determine whether the CBA's PAGA waiver is enforceable under § 2699.8 of the Labor Code, which may require interpreting the waiver. To be sure, "when a defense to a state claim"—like Fortinet's waiver defense here—"is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives." *Caterpillar*, 482 U.S. at 398. But "because 'the plaintiff's claim is the touchstone' for complete preemption, 'the need to interpret the CBA must inhere in the nature of the plaintiff's claim.'" *Renteria-Hinojosa*, 150 F.4th at 1092 (quoting *Cramer*, 255 F.3d at 691). Thus, "the fact that a state court may need to interpret the CBA" to resolve Fortinet's waiver defense and "determine whether [Acevedo] can maintain her claims in state court does not change the state law nature of her claims and does not create § 301 jurisdiction." *Id.* at 1093.

Fortinet also argues that interpretive disputes over the CBA inhere in each of Acevedo's claims for Labor Code violations. This argument also fails.

***Minimum Wages and Overtime Pay.*** Acevedo alleges that Fortinet deprived employees of the minimum wages and premium overtime compensation they were owed under § 1197.1 and § 510 of the Labor Code by requiring employees to work off-the-clock hours without pay. Fortinet contends that Acevedo's "theories turn on whether particular time is compensable, how pay is structured, and what remuneration must be included in the regular rate," which are "issues governed by bargained-for provisions [of the CBA] addressing job duties, schedules, timekeeping, and compensation components." It may be true that a state court will need to refer to the CBA's provisions to determine what time is compensable at which rates. "But merely referring to CBA terms does not trigger § 301 preemption," and Fortinet "fails to identify any interpretive dispute about a CBA term that must be resolved to determine the [proper] rate of pay or any other element of [Acevedo]'s overtime pay [or minimum-wage] claims." *Renteria-Hinojosa*, 150 F.4th at 1090.

United States District Court
Northern District of California

Fortinet's general citations to relevant provisions of the CBA are insufficient to establish "that the [c]ourt will need to go any further than consulting the CBA." *Hernandez*, 794 F. Supp. 3d at 707; *see also Renteria-Hinojosa*, 150 F.4th at 1090. Resolution of Acevedo's overtime-pay and minimum-wage claims therefore does not depend on the CBA.

*Timely Payment of Wages.* Acevedo alleges that Fortinet failed to timely pay wages to workers during their employment and upon their termination, and to timely pay temporary workers, in violation of §§ 201, 201.3, 202, 203, 204, and 210 of the Labor Code. Again, Fortinet argues that these claims depend on the CBA because "the CBA has different pay arrangements" than the Labor Code, including for temporary employees. Fortinet has not demonstrated, however, that applying these CBA provisions will require any interpretation of disputed CBA terms. And "the bare fact that [the CBA] will be consulted" does not preempt Acevedo's claim. *Livadas*, 512 U.S. at 124.

*Expense Reimbursement.* Acevedo alleges that Fortinet failed to reimburse necessary work-related expenses. Acevedo's "reimbursement claim is a creature of state law," which "by its very terms … is not waivable by contract." *Hernandez*, 794 F. Supp. 3d at 708 (citing Cal. Lab. Code §§ 2802, 2804). Fortinet nevertheless argues that this claim depends on the CBA because "[w]hether an expense is 'necessary' and incurred as a direct consequence of job duties depends on the scope of the employee's work and the employer's requirements," which are "matters governed here by the CBA." Even assuming that the cited provisions of the CBA are relevant to Acevedo's reimbursement claim, Fortinet offers no basis to conclude that adjudicating Acevedo's claim will require *interpretation* of those provisions, as opposed to mere consultation. To the contrary, Fortinet recognizes that the CBA "expressly address[es] reimbursement for uniforms, cell phones, and other materials necessary to perform work." As this Court has explained, "[s]uch precise detail should render 'looking to' the CBA a relatively straightforward task." *Id.*

*Vacation Pay.* Acevedo alleges that Fortinet failed to compensate employees for accumulated vacation pay at the time of their termination or resignation, violating § 227.3 of the Labor Code. Fortinet insists that this claim depends on the CBA because that agreement "establishes varying accrual rates, schedules, and eligibility requirements," imposes certain

10

United States District Court
Northern District of California

conditions for vacation payout, and therefore exclusively governs "[w]hether [Acevedo] had any right [to] vested vacation pay[] at separation." In Fortinet's view, any court resolving Acevedo's claim must consider whether "the CBA's vacation provisions comply with Section 227.3." But Fortinet provides nothing more than a "conclusory argument" that a court will need to interpret, rather than consult, these provisions, which is insufficient to establish preemption. *Renteria-Hinojosa*, 150 F.4th at 1090. Further, the "precise detail" in the CBA provisions cited by Fortinet makes the need for interpretation of the CBA unlikely. *Hernandez*, 794 F. Supp. 3d at 708.

*__Paid Sick Leave.__* Acevedo alleges that Fortinet failed to provide paid sick leave as required by § 246 of the Labor Code. As noted above, Fortinet argues that this claim is preempted by § 245.5 of the Labor Code, which provides a statutory exemption from § 246's paid-sick-leave requirements for employers covered by a qualifying CBA. Fortinet contends that resolving Acevedo's paid-sick-leave claim will require a state court to analyze whether the CBA satisfies the requirements of § 245.5, such that Fortinet is exempt from compliance with § 246. But as Acevedo argues, "comparing [the CBA's sick-leave provisions] to section 245.5's statutory checklist is not the same as interpreting an ambiguous CBA term." Fortinet has not identified any "active dispute over the meaning of [CBA] terms" that would "require[] interpretation" to resolve Acevedo's statutory paid-sick-leave claim. *Renteria-Hinojosa*, 150 F.4th at 1089 (quoting *Alaska Airlines*, 898 F.3d at 921). In any case, even if it were necessary to interpret the CBA to adjudicate Fortinet's exemption *defense* under § 245.5, that would "not change the state law nature of [Acevedo's] *claims*" and thus would "not create § 301 jurisdiction." *Id.* at 1093.

As to Acevedo's remaining claims, Fortinet either fails to address them independently or concedes that they are derivative of (and therefore depend on the CBA to the same extent as) the claims discussed above. Thus, for the reasons already discussed, Fortinet has not carried its burden of establishing that these remaining claims are preempted by § 301 of the LMRA. Because Fortinet has not demonstrated that § 301 preempts any of Acevedo's PAGA claims, no basis exists for the Court to exercise federal-question jurisdiction in this case, and the case must be remanded to state court.

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, Acevedo's motion to remand is GRANTED. The Court remands this case to Santa Clara County Superior Court. Because the Court lacks jurisdiction, Fortinet's motion for judgment on the pleadings is DENIED without prejudice to the reassertion of any arguments therein in state court.

**IT IS SO ORDERED.**

Dated: June 1, 2026

_____
P. Casey Pitts
United States District Judge